IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| v. ) | Criminal No. 1:20CR13 |
| ) | Sentencing Date: September 29, 2020 |
| JEREMY BRUCE JONES, ) | The Honorable Liam O'Grady |
| Defendant. ) | |

SUPPLEMENTAL POSITION OF THE DEFENDANT WITH RESPECT TO SENTENCING

On September 29, 2020, this Court provided notice to Counsel that the Court was considering an upward departure of the defendant's sentence due to: (1) the death of Brianna Beatty and (2) defendant's repeated distributions over the years. The Court ordered the parties to provide supplemental sentencing briefings. In response to the directive of the Court, we submit the following additional arguments.

1) THE DEATH OF BRIANNA BEATTY SHOULD NOT BE USED TO ENHANCE JEREMY JONES' SENTENCE

   a. <u>An expert medical toxicologist has opined that but for Ms. Beatty's use of alprazolam, oxazepam, clonazepam, codeine, quetiapine, diphenhydramine, paroxetine, benztropine, olanzapine and haloperidol, concurrently with heroin, Ms. Beatty would likely be alive today</u>.

   In determining whether the death of Brianna Beatty should be used to enhance Jeremy Jones' sentence, we would ask the Court to consider the opinion letter of Katherine L. Boyle, M.D., attached hereto as Exhibit 1. Dr. Boyle is a board-certified medical toxicologist and an emergency medicine physician. Her letter outlines her qualifications to give an expert opinion in this matter. Dr. Boyle has painstakingly reviewed the evidence in this case, including the

autopsy and associated lab reports, medical records belonging to the decedent, FBI photographs and interview notes and other police reports. She gives a comprehensive review of the evidence surrounding Ms. Beatty's death and the conclusions that she is able to make to a reasonable degree of scientific certainty. The opinion letter speaks for itself and we would ask the court to consider its contents.

b. <u>The other cases that the Government cites where a death or serious bodily injury resulted are vastly different from Jeremy Jones' case</u>.

The Government has asked the Court to sentence the Defendant to a sentence that far exceeds the guidelines in part because the defendant distributed the heroin that "contributed to" Beatty's death. The Government does not argue that the heroin that Jeremy Jones helped to procure for Ms. Beatty was the sole or "but for" cause of Ms. Beatty's death. Yet they cite five cases in which the defendants received 20 or more years of imprisonment.

To address each of these cases in turn:

1. <u>United States v. Joseph Riley Curry</u>, 1:18CR396. The Defendant was sentenced to 252 months' imprisonment. He pled guilty to conspiracy to distribute heroin that resulted in serious Bodily Injury or death and a mandatory minimum 20-year sentence was applicable. Mr. Curry's distribution directly led to the deaths of two people and caused at least two other nearly fatal overdoses. In one of the near fatal overdoses, Mr. Curry watched a customer ingest the fentanyl he sold him and watched him overdose. Rather than calling for help, he dragged the man's unconscious body outside and left the scene. The defendant even reportedly said to one friend in a Facebook message, he wanted to "kick his lifeless corpse." That kind of heartless attitude warrants a vastly different

2

sentence from Jeremy Jones, who has shown nothing but compassion toward his friend, Brianna Beatty.

2. United States v. John Jacob Stapleton, 1:19CR340.  The defendant was sentenced to the mandatory minimum 240 months' imprisonment and entered a plea of guilty to a charge of distribution of heroin resulting in serious bodily injury and death.  This defendant regularly pooled resources with Joseph Curry, mentioned in the previous paragraph.  This defendant distributed heroin to one individual, who shared it with another individual who died of heroin poisoning.  But for the defendant's distribution of heroin, the induvial would not have died.  This case warrants a vastly different sentence from Jeremy Jones since Brianna Beatty died of a mixed drug overdose and it is unclear if "but for" the heroin use, she would have died.

3. United States v. George Addae, 1:19CR188.  The defendant was sentenced to 240 months' imprisonment.  This defendant was originally charged in a 6-count indictment, including charges of conspiracy to distribute 1 kilogram or more, resulting in death; distribution of fentanyl resulting in death and possession of a firearm in relation to a drug trafficking crime.  Eventually, he entered a plea of guilty to a criminal information charging him with conspiracy to distribute 1 kilogram or more of heroin and distribution of heroin.  However, he later tried to withdraw his guilty plea and the government asked the court to deny acceptance of responsibility and assess points for obstruction of justice.  It is unclear from the public documents what the final guideline range was.  However, before the enhancements for trying to withdraw his plea of guilty, he was still assessed points for possession of a firearm and a +4 leadership enhancement.  His sentencing guidelines started at a range of 188 months to 235 months.  It should be noted that this

was a mixed drug overdose case as well – the defendant distributed a mixture of heroin and fentanyl to the decedent, but the autopsy also revealed cocaine and alprazolam.  This cases warrants a vastly difference sentence than Jeremy Jones because the amount of drugs involved was in excess of one kilogram of heroin; Mr. Addae enjoyed significant financial profits for his distributions; Mr. Addae was known to carry a firearm while distributing; Mr. Addae was a leader of the conspiracy; and Mr. Addae denied responsibility for his offenses by attempting to claim his innocence and withdraw his guilty plea.  None of these factors are true for Jeremy Jones.

4. <u>United States v. Antowan Thorne</u>, 1:14CR165.  The defendant was sentenced to 300 months' imprisonment.  The defendant was convicted in a bench trial of conspiring to distribute heroin. The defendant sold heroin to a group of individuals that included the decedent.  Seconds after the defendant distributed the heroin, the decedent used a portion of it, became unconscious, and later died of a heroin overdose. The Court found that the failure of third parties to seek medical treatment for the decedent prevented the Government from establishing beyond a reasonable doubt that her death resulted from the use of the heroin distributed by the defendant.  However, defendant's sentencing guidelines were calculated at 262-327 months.  This case warrants a vastly different sentence from Mr. Jones because Mr. Thorne went to trial and did not accept responsibility, obstructed justice, received a firearm enhancement and was determined to be a career offender.  Again, none of these factors apply to Mr. Jones.

5. <u>United States v. Christopher Louis Sorensen</u>, 1:18CR237.  The defendant was sentenced to 262 months' imprisonment.  The defendant pled guilty to the distribution of fentanyl causing serious bodily injury, carrying a mandatory 20-year sentence.  His guideline

4

range was 240-262 months.  This case warrants a vastly different sentence from Mr. Jones because Mr. Sorenson was involved in selling oxycodone from 2009 until 2018 and selling fentanyl from 2015-2018.  But for the fentanyl Mr. Sorenson distributed, the victim would not have suffered serious bodily injury.

2)  THE DEFENDANT'S HISTORY OF DRUG DISTRIBUTION SHOULD NOT BE USED TO ENHANCE HIS SENTENCE

Although the instant conspiracy covers a period of 2016 through 2019, a careful review of the statement of facts shows that Mr. Jones was distributing heroin and/or fentanyl during only the first half of 2016.  He was arrested in June of 2016 and incarcerated for most of the rest of 2016.  His distribution of heroin (serving as a middleman between dealers and users) picks up again in early 2019.  He has been continuously incarcerated since March 22, 2019.  Jeremy explains in his letter to the Court (attached as Exhibit 1 to the original defense sentencing position) that after his release in late 2016, he stayed away from heroin for 2 and a half years.

Mr. Jones' only prior conviction for distribution of narcotics (namely, fentanyl) was from offense date June 8, 2016, and is a part of the instant conspiracy.

CONCLUSION

A 60-month sentence is more than sufficient to comply with factors set out in 18 U.S.C. § 3553(a).  A sentence of 60 months would reflect the seriousness of the offense, promote respect for the law, provide just punishment, accomplish specific and general deterrence, and provide much needed substance abuse treatment. Accordingly, Mr. Jones respectfully requests that this Court impose a

5

sentence of no more than 60 months imprisonment.

<div style="text-align: center;">Respectfully submitted,</div>

JEREMY JONES

By:      /s/
Gretchen Lynch Taylor
Virginia Bar #39087
Attorney for Jeremy Jones
Taylor Law Company
10605 Judicial Drive, Suite A-5
Fairfax, Virginia 22030
Phone: 703-385-5529
Fax: 703-934-1004
gretchen@taylorlawco.com


CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of October, 2020, I will file the foregoing pleading with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

A copy of the foregoing pleading will also be served by e-mail to:

Karen Riffle
Bethany Erding
Supervising U.S. Probation Officers
401 Courthouse Square
Alexandria, Virginia 22314
karen_riffle@vaep.uscourts.gov
bethany_erding@vaep.uscourts.gov

/ s /
Gretchen Lynch Taylor
Virginia Bar #39087
Attorney for Jeremy Jones
Taylor Law Company
10605 Judicial Drive, Suite A-5
Fairfax, Virginia 22030
Phone: 703-385-5529
Fax: 703-934-1004
gretchen@taylorlawco.com